Syllabus.

# Wytheville.

## TRUST COMPANY OF NORFOLK v. JOHN C. SNYDER AND OTHERS.

### June 16, 1927.

### Absent, Burks, J.

1. RELIGIOUS SOCIETIES—*Treasurer—Treasurer Executing and Discounting Notes without Authority and Appropriating the Money.*—Where the treasurer of a religious society, without authority, executes notes on behalf of the trustees of the church, discounts the same and immediately appropriates the money, then the bank must bear the loss resulting from its negligence in failing to enquire into the authority of the treasurer to execute notes on behalf of the religious society.

2. RELIGIOUS SOCIETIES—*Liability—Contracts.*—Religious corporations or associations are, like others, bound by their contracts and by the principles of good faith and obligations which rest upon individuals under like circumstances.

3. BANKS AND BANKING—*Duty of Depositer to Examine Statements Rendered and Vouchers Returned.*—It is a well settled principle of law that a bank depositor is under the legal duty to examine with reasonable diligence the statements rendered him by the bank and the vouchers returned therewith, and to report any errors detected within a reasonable time.

4. RELIGIOUS SOCIETIES—*Authority of Treasurer—Discounting Notes and Depositing Proceeds to the Credit of the Religious Society—Treasurer Subsequently Withdrawing the Deposits and Appropriating the Money—Case at Bar.*—In the instant case, the treasurer of a religious society discounted certain notes of the society and placed the proceeds to the credit of a general account of the society in a bank. These amounts were afterwards withdrawn by checks signed by the treasurer, as treasurer, in the manner authorized by the church authorities and misappropriated. The treasurer was held out to the bank as a trusted representative of the church; the deposit of the proceeds of the discounted notes was to the credit of the church account. The authorities, upon whom devolved the duty of settling the affairs of the treasurer as church treasurer, had access to the frequent

statements rendered by the bank, and to the cancelled checks evidencing the theft of the money.

*Held:* That whether the bank was negligent in cashing the checks or the religious society was negligent in its failure to examine the cancelled checks and statements of the bank was a mixed question of law and fact and should have been submitted to the jury for determination under proper instructions which left the jury free to pass upon the question.

Error to a judgment of the Law and Chancery Court of the city of Norfolk in a proceeding by motion for a judgment for money. Judgment for plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Hugh C. Davis, Hugh W. Davis* and *William L. Parker,* for the plaintiffs in error.

*Ernest S. Merrill,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

John C. Snyder, E. B. Cootes and J. E. Addenbrook, trustees of the Knox Presbyterian Church of Norfolk, plaintiffs in the court below, filed their notice of motion to recover from the plaintiff in error, hereinafter called defendant, the principal sum of $2,219.53.

There was a trial by jury and a verdict and judgment in favor of the plaintiffs. To that judgment this writ of error was awarded.

On or about April 12, 1920, Knox Presbyterian Church opened a bank account with the defendant. The negotiations relative to opening the account were conducted by E. N. Fuller, treasurer of the church. The authorized signature given the defendant was "Knox Presbyterian Church, E. N. Fuller, treasurer,"

and when this account was subsequently closed, it was closed by check drawn by Fuller in conformity with the signature given.

On January 30, 1922, a second account was opened under similar circumstances. This account, known as "general account," remained active until the present controversy between the parties arose.

On June 1, 1922, the church had on deposit to the credit of the general account the sum of $6,600.00. On June 6, 1922, this sum was drawn from the general account and deposited by Fuller, treasurer, to a special account at that time opened with the defendant. On this date the church borrowed from the defendant the sum of $3,400.00, which sum was also deposited to the special account; and on this same day the church purchased, through the defendant, a $10,000.00 note of B. G. Moss, secured by deed of trust. The Moss note was taken over by the defendant as collateral to secure the loan of $3,400.00 made to the church.

On September 18, 1922, Fuller discounted to the bank a note signed "Knox Presbyterian Church, by E. N. Fuller, treasurer," in the principal sum of $500.00. On October 16, 1922, a similar note for $500.00 additional was discounted. On November 14, 1922, a similar note for $570.00 was discounted. On February 7, 1923, a similar note for $225.00 was discounted; and on April 23, 1923, a similar note for $600.00 was discounted; the total of the notes so discounted amounting to the principal sum of $2,395.00.

The proceeds of each of said notes, as they were discounted, were placed to the credit of the general account. These amounts were afterwards withdrawn by checks signed by Fuller, treasurer, and appropriated to his own use.

At frequent intervals during the period in which the

notes in question were discounted by Fuller, the defendant, in due course of business, balanced the pass book and rendered statements of the account, accompanied by the cancelled checks. During this period Fuller rendered to the church authorities, from time to time, a statement of his treasurership affairs, but no specific examination was made by the authorities of the statements and cancelled checks delivered to Fuller by the defendant.

However, in June, 1923, an examination was made, and the theft discovered.

During all of this period the Moss note was in the possession of the defendant, as collateral to secure the $3,400.00 church loan. Before the maturity of the Moss note, it was purchased by the defendant, who, after deducting the sum of $3,400.00 also deducted the aggregate amount of the notes discounted by Fuller, and placed to the credit of the plaintiffs the sum of $3,693.14, which sum plaintiffs declined to accept in full settlement, also claiming in addition thereto the sum of $2,719.53, being the principal amount and interest thereon represented by the discounted Fuller notes.

The court, upon motion of the plaintiffs, gave one instruction to the jury, and refused to give three instructions asked for by the defendant. This action of the court is assigned as error.

The instruction given to the jury reads as follows: "The court further instructs the jury as a matter of law that E. N. Fuller, by virtue of his office as treasurer of the Knox Presbyterian Church, had no right or authority to execute on behalf of the trustees of the Knox Presbyterian Church the notes in question, and if the jury believe from the evidence that the said E. N. Fuller did execute said notes and attempted thereby

to place the Beverley G. Moss note of $10,000.00 as collateral security for said notes without authority from the board of trustees of the Knox Presbyterian Church, they shall find for the plaintiff.''

The theory of the defendant is embodied in instruction number three, reading thus: "The court instructs the jury that if they believe from the evidence that the sum of money set forth in the defendant's claim of setoffs were advanced by the defendant and placed to the credit of the checking account of the Knox Presbyterian Church with the defendant, and if they believe from the evidence that from time to time the said defendant furnished the said Knox Presbyterian Church, its trustee, or treasurer, with itemized statements of said account and vouchers attached showing deposits and withdrawals therefrom, and that the Knox Presbyterian Church or its representatives did not use reasonable care to ascertain and notify the defendant within a reasonable time that said amounts had been advanced on unauthorized notes signed by the treasurer, Fuller, and equivalent amounts withdrawn by the said treasurer Fuller without legal authority, then they must find for the defendant.''

We are of the opinion that the court erred both in giving the instruction on motion of the plaintiffs and in refusing to give a proper instruction setting forth the theory of the defendant. The instruction as given proceeds on the theory that all that was done by Fuller was the discounting of the notes, theft of the proceeds, and placing, without authority of the church trustees, the Moss note as collateral security.

[1] As a matter of fact, the Moss note is of little importance in the transaction. Had Fuller, without authority, executed the notes on behalf of the trustees of the church, discounted the same and immediately

appropriated the money, then the defendant would have to bear the loss resulting from its negligence in failing to inquire into the authority of Fuller to execute notes on behalf of the church. But such is not the case. The proceeds derived from the discountd notes, instead of being immediately appropriated by Fuller, were deposited with the defendant, to the credit of the Knox Presbyterian Church, intermingled, no doubt, with other funds of the church, and withdrawn at intervals by means of checks signed by Fuller in the manner authorized by the church authorities. The authorities, upon whom devolved the duty of settling the affairs of Fuller as church treasurer, had access to the frequent statements rendered by the bank, and to the cancelled checks evidencing the theft of the money.

[2] In 23 R. C. L. 453, it is said: "Religious corporations or associations, are like others, bound by their contracts and by the principles of good faith and obligations which rest upon individuals under like circumstances."

[3] It is a well settled principle of law that a bank depositor is under the legal duty to examine with reasonable diligence the statements rendered him by the bank and the vouchers returned therewith, and to report any errors detected within a reasonable time.

In *First National Bank of Richmond* v. *Richmond Electric Co.*, 106 Va. 347, 56 S. E. 152, 7 L. R. A. (N. S.) 744, 117 Am. St. Rep. 1014, this court quotes with approval the language employed by Mr. Justice Harlan, in *Bank* v. *Morgan*, 117 U. S. 96, 6 S. Ct. 657, 29 L. Ed. 811, as follows: "While it is true that the relation of a bank and its depositor is one simply of debtor and creditor,  *  *  *  and that the depositor is not chargeable with any payments except such as are made in conformity with his orders, it is within

common knowledge that the object of a pass book is to inform the depositor from time to time of the condition of his account as it appears upon the books of the bank.    It not only enables him to discover errors to his prejudice, but supplies evidence in his favor in the event of litigation or dispute with the bank.    In this way it operates to protect him against the carelessness or fraud of the bank.    *    *    *    The depositor cannot, therefore, without injustice to the bank, omit all examination of his account    *    *."

In *Brown* v. *Lynchburg National Bank*, 109 Va. 530, 64 S. E. 950, 17 Ann. Cas. 119, this principle has been approved.

[4] Considering the course of dealing between the parties; the fact that Fuller was held out to the defendant as the trusted representative of the church; the deposit of the proceeds of the discounted notes to the credit of the church account; the rendition of statements in due course to the proper authorities; we are of the opinion that the question, whether or not the plaintiffs or defendant were remiss in their duty, is a mixed question of law and fact and should be submitted to a jury for determination, under proper instructions which leave the jury free to pass upon the question.

The judgment must be reversed, the verdict set aside, and the case remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*