# Staunton.

## CINDA CANTRELL v. APPALACHIAN POWER COMPANY.

### September 22, 1927.

1. POWER COMPANIES—*Easement of Right of Way—Use of Right of Way.*— A contract between plaintiff and defendant bound the plaintiff, for a valuable consideration, to convey to the defendant an easement in her land in the form of a right of way for its transmission line.

   *Held:* That this carried with it the right by defendant to use the right of way as intended, without further consideration.

2. EASEMENTS—*Incidental Rights Necessary to Proper Enjoyment of Easement.*—The conveyance of an easement gives the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement.

3. POWER COMPANIES—*Grant of Right of Way by Landowner—Action by Landowner for Damages—Construction of Contract—Case at Bar.*—In the instant case, by the plain language of the contract between them, the plaintiff agreed to convey to the defendant a right of way for electric power transmission lines and all necessary equipment and appliances, and the right to construct, operate, maintain, repair and remove the same on and over the property of the plaintiff. The contract further provided that the consideration na med paid plaintiff only for the easement right, and that all damages resulting from the construction of the line should be ascertained and paid for as soon as the line was completed. Plaintiff contended that under this contract she was entitled to recover for any depreciation in the market value of her land in addition to the physical or direct damage that resulted from the construction of the line.

   *Held:* That plaintiff was only entitled to recover for the direct physical damages to her land resulting from construction and not for damage resulting from the existence and maintenance of the line after construction.

4. POWER COMPANIES—*Conveyance of Easement of Right of Way—Action on Contract to Convey—Damages not the Same as in Eminent Domain Proceedings—Case at Bar.*—In the instant case plaintiff and defendant entered into a contract under which plaintiff was to convey to defendant, for a named consideration, a right of way for electric power transmission lines. The contract provided that the named

consideration covered only the easement right, and that damages resulting from the construction of the line should be ascertained and paid for as soon as the line was completed. The parties failed to agree as to the amount of damages and plaintiff brought an action to recover damages for injury to her timber, etc., and for depreciation in the value of her farm by reason of the construction.

*Held:* That plaintiff was not entitled in such action to recover the same damages she would be entitled to recover in a condemnation proceeding, as the contract was entered into to avoid the necessity of instituting such a proceeding. Plaintiff was bound by the contract and in a suit for its breach she could recover only what she was entitled to by its terms.

Error to a judgment of the Circuit Court of Buchanan county, in a proceeding by motion for a judgment for damages. There was a judgment for plaintiff for only the amount conceded due her by the defendant, and plaintiff assigned error.

*Affirmed.*

The opinion states the case.

*S. H. & Geo. C. Sutherland,* and *Chase, McCoy & Rose,* for the plaintiff in error.

*Williams & Combs, A. A. Skeen* and *R. E. Scott,* for the defendant in error.

West, J., delivered the opinion of the court.

On October 17, 1922, Cinda Cantrell, hereafter called plaintiff, entered into a written contract with the Appalachian Power Company, hereafter called defendant, the material parts of which read as follows:

"In consideration of the sum of one dollar ($1.00) the receipt of which is hereby acknowledged, I hereby agree that upon the further payment of five dollars per structure ($5.00 per structure) at any time within eight months from the date hereof, I will grant and

convey, with general warranty of title, unto the Appalachian Power Company, a corporation, its successors and assigns, a right of way for electric power transmission lines and all necessary equipment and appliances, and the right to construct, operate, maintain, repair and remove the same on and over the property which I own or in which I have an interest, situate in the county of Buchanan and State of Virginia, on the location hereinafter specified.

"Said grant shall include the right to cut or trim any trees which may interfere with the safety or proper operation of said lines.

"It is understood and agreed that the above named consideration covers only the easement right, and that all damages resulting from the construction of the said line shall be ascertained and paid for as soon as it is completed. And if the principals hereto cannot agree as to the amount it shall be arbitrated in the usual manner, and the award shall be final and binding on both parties. It is also understood that the said company shall always be responsible for any damage caused by the breaking or repairing of its lines * * *. Trees and shrubs in present golden seal patch are to be trimmed and topped only and not cut down. Fruit trees and stooping sugar trees in edge of creek are to be treated as above trees and shrubs in golden seal patch.

"Witness the following signatures and seals this the 17th day of October, 1922.

"Cinda Cantrell. [Seal].
"Witness: J. F. Tilley."

This option contract was accepted by the defendant, and three structures, used to support the transmission wires, were placed on plaintiff's land by the defendant.

The parties could not agree as to the amount of damages, and arbitrators were selected and made an award which was set aside by a decree in a chancery cause instituted for that purpose. No appeal was taken from that decree.

The plaintiff then brought this action upon the contract by notice of motion against the defendant, to recover damages for injury to her timber, underbrush, etc., and for the depreciation in the value of her farm by reason of the construction of the structures and transmission line.

It was agreed by the parties that the damages to plaintiff's timber, undergrowth and fences amounted to $50.00; and that defendant owed the further sum of $15.00 for the three structures which had been erected upon the plaintiff's land.

The jury returned a verdict for $65.00 in favor of the plaintiff, upon which the court entered judgment. To that judgment the plaintiff obtained a writ of error from one of the judges of this court.

It is conceded by both parties that the sole issue is the proper construction to be placed upon the contract for the right of way.

The plaintiff contends that she is entitled to recover for any depreciation in the market value of her land in addition to the physical or direct damage that resulted from the construction of the line. The defendant insists that it is liable only for such physical or direct damage as was occasioned by the construction of the line.

[1] The contract binds the plaintiff, for a valuable consideration, to convey to the defendant an easement in her land in the form of a right of way for its transmission line. This carries with it the right to use the right of way as intended without further consideration.

[2] "It is an established principle that the conveyance of an easement gives the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement."  9 R. C. L., page 784.

In Curtis on The Law of Electricity, page 468, this is said:  "A company which has acquired a right of way for its line of poles and wires, the right not being subject to special limitations, may make such use of the easement acquired as is necessary or convenient for the purpose for which it was acquired."

[3] By the plain language of the contract the plaintiff agreed to convey to the defendant "a right of way for electric power transmission lines and all necessary equipment and appliances, and the right to *construct, operate, maintain,* repair and remove the same on and over the property" of the plaintiff.   (Italics ours.)

It is true that the contract further provides, in the third paragraph, that the consideration named in the first paragraph thereof pays only for the "easement right," and that all damages resulting from the construction of the said line shall be ascertained and paid for as soon as it is completed.   The damages to be paid for are those resulting from the *construction* of the lines.   The language quoted means direct physical damages resulting from their construction and was not intended to include any damages resulting from the existence and maintenance of the lines on the premises, after their construction.   The construction mentioned in the first paragraph of the contract gave the defendant a right to *construct, operate,* and *maintain* its electric power transmission lines.   If plaintiff's lands were depreciated in value, it was not by the mere construction but by the maintenance and operation of the lines upon her premises; and, as just indicated,

this right was granted to the defendant under the first paragraph of the contract, and for the consideration therein named.

[4] We find no merit in the contention of the plaintiff that she is entitled to recover the same damages she would be entitled to recover in a condemnation proceeding. It is manifest that the contract of October 17, 1922, was entered into to avoid the necessity of instituting such a proceeding. The plaintiff, having entered into this contract, and sued for a breach thereof, is bound by it and can recover only what she is entitled to by its terms.

Having reached the conclusion that the plaintiff cannot, under the terms of the written contract of October 17, 1922, recover any damages claimed by her, by reason of any decrease in the valuation of her home and farm, and it appearing that the jury awarded her all the damages she was entitled to recover in the case, it follows that they could not have properly rendered a different verdict.

In this situation, the plaintiff was not prejudiced by any ruling made by the trial court, and the judgment will be affirmed.

*Affirmed.*