# CIRCUIT COURT OF KING GEORGE COUNTY

Celestine M. Jordan
and Eva Greer

v.

Little Ark Baptist Church,
an Unincorporated Association

August 16, 2001

Case No. (Law) 99-105

BY JUDGE JAMES W. HALEY, JR.

In this declaratory judgment action, the issue for resolution is whether the terms of a contract for use of burial space located in a church-owned cemetery may be modified by subsequent action by that church.

The facts are stipulated and may be succinctly stated.

On April 17, 1988, Little Ark Baptist Church ("Church") for $40 transferred to Celestine M. Jordan a "cemetery lot 20' by 28'," containing six grave-sites. The only documentation of this contract is a receipt for the sum paid and the quoted language above, although the parties agree as to the location of the cemetery lot within the cemetery. No other terms of the contract are asserted by either party.

The Church acknowledges the validity and extent of the contract. The Church notes, however, that the transfer was not in fee, but only a grant to use, or an easement in, the designated space for burial purposes. Jordan does not contest this description of her property interest.

Code § 57-34 grants trustees of churches the:

power to make such rules and regulations for the burial of the dead, the laying off, assignment and sale of burial lots, and the management, care, preservation and improvements of the grounds, as they may deem proper. . . .

At the time of the April 17, 1988, transfer to Jordan, the Church had not adopted any rules or regulations as to the cemetery, other than authorizing the sale of cemetery lots.

Pursuant to the quoted statute, the church on February 15, 1997, adopted rules and regulations for the cemetery setting forth a schedule of fees for burial and maintenance. These fees range from a minimum of $50 for active members who have contributed $600 or more over three years[1] to a maximum of $1000 for non-members of the church.

Jordan concedes the validity of the process pursuant to Code § 57-34 by which the church established this schedule, as well as its applicability as part of any contract for the sale of burial plots subsequent to its adoption. She argues, however, that this schedule is not applicable to her April 17, 1988, contract and that to apply it to her contract retroactively constitutes an impermissible diminution of her property rights. The record makes clear that there are at a minimum twenty church members who have purchased burial plots on terms not substantially dissimilar from Jordan's prior to adoption of the schedule by the church on February 15, 1997.

Accordingly, Jordan asks the court to declare that the February 15, 1997, schedule is not binding upon individuals who purchased burial plots prior to that date, and, by necessary inference, to define the rights and duties of the respective parties to contracts entered into before February 15, 1997.

"Title to lots [in a cemetery] is not ordinarily absolute, nor is a deed necessary. That [which is] acquired is rather in the nature of a permanent easement. *Roanoke Cemetery Co. v. Goodwin*, 101 Va. 605, 44 S.E. 769." *Goldman v. Mollen*, 168 Va. 345, 354-55, 191 S.E. 627 (1937). On brief, defendant Church acknowledges that "Plaintiffs argument of the easement granted is well taken" and concedes "The plaintiffs [have] a license to bury in their respective plots." (Defendant's brief, unnumbered pages 3, 5.)

"An easement . . . is a privilege to use the land of another in a particular way and for a particular purpose. It creates a burden on the servient tract and *requires that the owner of that land refrain from interfering with the privilege conferred for the benefit of the dominant tract. . . .*" (emphasis supplied). *Brown v. Haley*, 233 Va. 210, 216-17, 355 S.E.2d 567-68 (1987), quoted with approval in *Stoney Creek Resort v. Newman*, 240 Va. 461, 465, 397 S.E.2d 878 (1990). See also, *Pizzarelle v. Dempsey*, 259 Va. 521, 526 S.E.2d 260 (2000).

---

[1] Though the schedule is not clear, the three year period apparently means a three year period immediately preceding death.

Once granted, an easement "carries with it the right to use the right of way *without further consideration.*" (emphasis supplied) *Cantrell v. Appalachian Co.,* 148 Va. 431, 434, 139 S.E.247, 250 (1927). "Equity will protect by a mandatory injunction an easement over a tract of land against an obstruction making access thereto unpractical." 6B M.J., *Easements,* § 26, p. 223, n. 6.

In *Trust Co. v. Snyder,* 148 Va. 381, 386, 138 S.E 477, 481 (1927), the court quoted with approval from 23 R.C.L. 453 as follows:

> Religious corporations or associations are, like others, bound by their contracts and by the principles of good faith and obligations which rest upon individuals under like circumstances. . . .

And it is proper for a civil court to determine if a church has "violated . . . a contractual obligation. . . ." *Presbytery v. Grace Covenant Church,* 214 Va. 500, 507, 201 S.E.2d 752, 758 (1974).

With the foregoing principles in mind, it is clear to the court that the application of the February 15, 1997, schedule to Jordan's April 17, 1988, contract constitutes an impermissible interference with, a monetary obstruction to, and a requirement of further consideration for the use of the cemetery plot which she acquired by contract on April 17, 1988.

This court finds: (1) that the February 15, 1997, fee schedule may not be applied to the conveyance of any cemetery plot purchased prior thereto; (2) that the church has no duty to maintain or care for any cemetery plot sold prior to February 15, 1997, there being no contractual duty undertaken to do so;[2] (3) that those owners of cemetery plots purchased prior to February 15, 1997, have the right to burial in those plots, and as necessarily appurtenant to that right, reasonable access to those plots over church property for the purposes of burial, visitation, and maintenance.

(Plaintiff argues that Chapter 23.1, Code of Virginia which deals with cemetery operators, perpetual care trust funds and pre-need burial contracts are applicable in this cause. However, Code § 54.1-2312(A) of Title 23.1 specifically exempts churches from its application.)

---

[2] The court's ruling, of course, does not prohibit the church and cemetery plot owners from entering mutually acceptable contracts whereby the Church could provide perpetual maintenance of those plots.